# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0725, <u>Albert Fischer Family Trust v. Aletheia Fischer</u>, the court on June 28, 2024, issued the following order:**

The court has reviewed the written arguments and record submitted on appeal and has determined to resolve the case by way of this order.  See <u>Sup. Ct. R.</u> 20(2).  The plaintiff, the Albert Fischer Family Trust, appeals the denial by the Circuit Court (<u>Spony</u>, J.) of its small claim action for conversion against the defendant, Aletheia Fischer.  At issue is a check for $1,850 signed by Albert Fischer shortly before his death.  The defendant is Albert Fischer's widow.  The trustee of the plaintiff trust, Mark Fischer, is Albert Fischer's son from a previous marriage.  We affirm.

The trial court found, or the record supports, the following facts.  The check for $1,850 was signed by Albert Fischer on September 9, 2021, and was intended to pay his share of certain closing costs for a real estate transaction.  As of September 16, however, it became known that the real estate transaction would not take place, and the check was returned.  The defendant testified that she did not know what to do with it — Albert then told her to put it in their joint checking account.  The check was deposited in the joint account on September 20.  Albert died on September 25.

Relying upon case law from other jurisdictions, the plaintiff argues that the mere fact that the funds were deposited into the joint account does not change the fact that the funds were Albert's separate property.  The law in New Hampshire governing joint accounts, however, is set forth in RSA 383-B:4-405 (2017), which provides, in pertinent part:

> In the absence of a written agreement, if 2 or more persons are named on a deposit account as owners, the account shall be payable to any owner, and in the event of death, to the survivor or survivors of them.  The survivors shall be entitled to ownership of the account <u>whether or not (i) the funds deposited were the property of only one or some of the owners, (ii) at the time of the making of such deposits there was any intention on the part of the owners making such deposit to vest the other owner or owners with a present interest therein,</u> (iii) only one of the owners during their several lives had the

right to withdraw such deposit, or (iv) there was any delivery of any bank book, account book, savings account book, certificate of deposit, or other evidence of such an account, by the owner or owners making such deposit to the other owner or owners.

(Emphasis added.)  Although the defendant and Albert had entered into an antenuptial agreement, that agreement anticipated that the parties would open a joint checking account, and does not contain any provision providing that the survivor would not be entitled to ownership of that account upon death. Therefore, the statute governs.  Moreover, as the trial court found, while the $1,850 was Albert's separate property under the terms of the antenuptial agreement when the check was written, he later chose to have it deposited in the joint account.  Nothing in the antenuptial agreement prohibited either party from voluntarily transferring property to the joint account.

The plaintiff also contends that the trial court erred in ruling on pre-trial discovery matters and in denying the admission of certain exhibits.  We review a trial court's rulings on the management of discovery and the admissibility of evidence under an unsustainable exercise of discretion standard.  In the Matter of Hampers & Hampers, 154 N.H. 275, 280 (2006).  To meet this standard, the plaintiff must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of its case.  Id.

Here, the plaintiff has failed to demonstrate reversible error.  The pre-trial rulings on discovery related to the timeliness of the defendant's responses to the plaintiff's interrogatories and request for production of documents.  The plaintiff admitted receiving the responses by email on October 10, and by mail on October 16.  The trial was on October 26.

The evidence that was not admitted consisted of a bank statement and two checks that were in the plaintiff's possession prior to the close of discovery — they were not provided to the plaintiff by the defendant as part of the discovery process.  The plaintiff argues, without further explanation, that this evidence was deemed important by the plaintiff only after it received the defendant's discovery responses.  However, the plaintiff admits that the due date for the exchange of exhibits was October 12, which is after the plaintiff received the discovery by email, and the plaintiff neither supplemented its exhibits nor moved for an extension of time to do so.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, the plaintiff's appellate arguments, the relevant

2

law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**